UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BERNARD L. JONES,**

    **Petitioner,**

**v.**                                      **Case No.  8:05-cv-830-T-30MSS**

**JAMES V. CROSBY, JR.,**

    **Respondent.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Bernard L. Jones' (hereinafter referred to as "Jones" or "Petitioner") Petition by a State Prisoner for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (CV Dkt. #1) filed on May 2, 2005, the Government's Response (CV Dkt. #6), and Petitioner's Reply (CV Dkt. #10). The Court concludes that this Petition is due to be summarily denied because it plainly appears from the record that Petitioner is entitled to no relief.

### Background

**I.    Charges and Sentencing**

On January 27, 1992, in the Thirteenth Judicial Circuit, Hillsborough County, Florida, Jones pled guilty without a plea agreement to (1) Delivery of Cocaine, in violation of FLA. STAT. § 893.13(1)(a); and (2) Possession of Cocaine, in violation of FLA. STAT. § 893.13.(1)(f). On February 28, 1992, Jones was sentenced as an habitual felony offender on the delivery count to twelve (12) years imprisonment to be followed by three (3) years

probation. Jones also received a concurrent sentence of ten (10) years imprisonment on the possession count, as well as five (5) years imprisonment due to the revocation of his probation. In revoking his probation, the Court again classified Jones as an habitual offender.

Jones appealed the judgment. On February 4, 1994, the Second District Court of Appeal affirmed Jones' sentence. Jones v. State, 633 So.2d 1077 (Fla.2d DCA 1994). After several more years in prison, Jones began his three (3) year term of probation.

However, Jones did not comply with the terms of his probation. On March 29, 2000, Jones' probation was revoked and he was sentenced as an habitual offender to twenty-seven (27) years imprisonment. Since he did not filed a direct appeal, Jones' revocation judgment became final on April 28, 2000.

## II.     Federal and State Postconviction Proceedings

Following the imposition of his revocation sentence, Jones filed a barrage of postconviction motions. Specifically, Jones initiated the following filings (some of which were successive and/or concurrent):

(1) August 3, 2000: *pro se* Motion to Correct Illegal Sentence under Florida Rule of Criminal Procedure (FRCP) 3.800(a) (summarily denied March 30, 2001)[1];

(2) August 22, 2001: *pro se* Motion to Correct Illegal Sentence under FRCP 3.800(a) (summarily denied November 30, 2001; affirmed February 8, 2002; mandate issued May 10, 2002);

---

[1] Motion allegedly filed by Jones, although not accounted for in Respondent's timeliness calculations.

    (3)    September 2, 2002: *pro se* Motion to Correct Illegal Sentence under FRCP 3.800(a) (summarily denied September 27, 2002; affirmed February 14, 2003; mandate issued March 10, 2003);

    (4)    May 29, 2002: *pro se* Motion to Correct Illegal Sentence under FRCP 3.800(a) (summarily denied June 3, 2002; affirmed January 15, 2003; mandate issued February 4, 2003);

    (5)    January 19, 2003: *pro se* Motion to Correct Illegal Sentence under FRCP 3.800(a) (summarily denied March 6, 2003; affirmed January 14, 2004; mandate issued April 5, 2004);

    (6)    March 21, 2004: *pro se* Motion to Correct Illegal Sentence under FRCP 3.800(a) (summarily denied June 7, 2004; affirmed September 24, 2004; rehearing denied November 4, 2004; mandate issued December 8, 2004); and

    (7)    September 14, 2004: *pro se* Motion to Correct Illegal Sentence under FRCP 3.800(a) (summarily denied January 5, 2005; affirmed April 22, 2005; mandate issued May 31, 2005).

All post-conviction motions were eventually denied. Finally, on May 2, 2005, Jones filed the instant Petition by a State Prisoner for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, asking the Court to vacate his twenty-seven (27) year sentence as unlawfully imposed.

## Discussion

**I.    Timeliness**

Respondent contends that Jones' Petition should be denied as untimely. Specifically, Respondent claims that the instant Petition – dated May 2, 2005 – was not filed within one year of the date that Jones' judgment became final (not counting the time properly filed motions for postconviction relief were pending) as required by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See Bond v. Moore, 309 F.3d 770, 772 (llth Cir.

2002) (AEDPA imposes one-year statute of limitations on all habeas petitions); 28 U.S.C. § 2244(d)(1)(A) (one-year period for habeas petitions begins to run from the "date which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). Jones counters that Respondent failed to toll the time period during which his August 3, 2000 motion was pending.

Here, the Court's central task is to determine whether an aggregate of one year elapsed between the time Jones' judgment became final and the filing of the instant Petition – not counting periods when properly filed motions were pending. However, under Florida law, successive motions under FRCP 3.800(a) are not "properly filed" if they raise issues that have already been deemed to be meritless. See Coney v. State, 833 So.2d 290, 290-91 (Fla.5th DCA 2002) (successive motions are abusive "where defendant raised issue in earlier proceeding to correct illegal sentence . . . [but] it was found to be without merit). And when those issues regard the imposition of "habitual offender" status, successive motions are barred by the "law of case doctrine"[2] unless all previous motions were dismissed strictly on procedural grounds. See Ellis v. State, 826 So.2d 488 (Fla.5th DCA 2002).

In this case, the dates provided by the parties (including the disputed motion of August 3, 2000) generally support the following calculations:

(1) April 28, 2000 – August 3, 2000: 97 days elapsed

---

[2] "[The] law of case doctrine precludes consideration of points of law which were, or should have been, adjudicated in a prior or former appeal of same case, as well as to any question decided by implication." Bisson v. de Arellano, 909 So.2d 917, 919 (Fla.3d DCA 2005) (citing Valsecchi v. Proprietors Ins. Co., 502 So.2d 1310 (Fla. 3d DCA 1987)).

(2) April 29, 2001 – August 22, 2001: 115 days elapsed

(3) May 10, 2002 – September 2, 2002: 115 days elapsed

$$\begin{array}{r} \textbf{97 days} \\ \textbf{115 days} \\ +\phantom{=}\underline{\textbf{115 days}} \\ =\phantom{+}\textbf{327 days} \end{array}$$

The above calculations by the Court clearly add up to a period less than one year. The instant Petition would therefore seem to be timely, but the Court will not toll the time during which the August 3, 2000 motion was pending because it did not address the revocation sentence in question.

Jones indeed filed the motion after his post-revocation sentence became final, but the issues he raised in the motion specifically addressed his original sentencing on February 28, 1992 – not the revocation sentencing on March 29, 2000, which is the sole concern of the instant Petition. And because 28 U.S.C. § 2244(d)(2) only provides for tolling of the "time during which a properly filed application for State post-conviction or other collateral review with respect to the *pertinent* judgment," 28 U.S.C. § 2244(d)(2) (emphasis added), Jones' motion regarding his earlier judgment is irrelevant to timeliness calculations. Thus, the aggregate time that elapsed under AEDPA is actually five hundred ninety-six (596) days[3] – rendering the instant Petition untimely by Jones' own admission (CV Dkt. #10) ("If

---

[3] (1) April 28, 2000 – August 22, 2001: 481 days elapsed
   (2) <u>May 10, 2002 – September 2, 2002: 115 days elapsed</u>
   **481 days + 115 days = 596 days**

Respondent's recitation of Petitioner's State court procedural history were correct, Petitioner would be forced to concede that the instant [P]etition comes too late").

Additionally, the Court will not grant equitable tolling in this case. Generally, AEDPA's one-year requirement can only be equitably tolled when "extraordinary circumstances" prevent the timely filing of a motion. See Helton v. Secretary for Dept. of Corrections, 259 F.3d 1310, 1312 (11th Cir. 2001). However, Jones has failed to demonstrate any such circumstances.

Because an aggregate of one year elapsed between the time that Jones' judgment became final and the filing of the instant Petition, the Court finds the instant Petition to be untimely.

## II.    Alleged Constitutional Violations

Even if the instant Petition were timely, the Court would nevertheless reject Jones' claim that his revocation sentencing violated his due process, double jeopardy, or equal protection rights. This is for two reasons: (1) Jones is factually wrong regarding his habitual offender status; and (2) the Court lacks the subject matter jurisdiction to question a state court's application of state sentencing guidelines. Due to the interconnected nature of Jones' claims (all three of which are based on Jones' belief that he was not originally sentenced as an habitual offender), these two findings effectively negate the entire substantive portion of his Petition.

First, the Court finds that Jones is factually wrong regarding his habitual offender status. Jones' claims stem from his belief that he was not sentenced as an habitual offender

at his initial sentencing hearing on January 27, 1992, and that sentencing him as an habitual offender for violating his post-release probation was therefore unlawful. See Terry v. State, 808 So.2d 1249, 1251 (Fla. 2002) (a defendant is only eligible for sentencing as an habitual offender for a violation of probation if he was designated as an habitual offender at his original sentencing). He claims that he did not receive proper notice of his habitual offender status (his due process claim), his latest sentence amounted to a "second trial" (his double jeopardy claim), and the courts therefore imposed an "arbitrary and freakish" sentence (his equal protection claim).

However, Jones' claim that he was not originally sentenced as an habitual offender is clearly contradicted by the record. At his initial sentencing, the presiding judge was explicit that Jones was receiving both the twelve (12) year sentence for delivery and five (5) year sentence for violation of his probation as an habitual offender. See Transcript of Record at 7-8 (February 28, 1992) ("The Defendant clearly is a habitual criminal and qualifies as a habitual criminal and the Court finds that that criteria [sic] of the statute has been met as outlined by the State, and he should be sentenced as a habitual criminal."). Thus, Jones' twenty-seven (27) year sentence for breaching the terms of his post-release probation (an habitual offender sentence) did not violate due process, double jeopardy, or equal protection. See id.

Second, the Court lacks the subject matter jurisdiction to question a state court's application of state sentencing guidelines. See Johnson v. Singletary, 883 F.Supp. 1535, 1542 (M.D. Fla. 1995). Federal relief is only available to correct *constitutional* injury. Wainwright

v.Goode, 464 U.S. 78 (1983). Even if this Court could intervene, a Florida state court – upon revoking a defendant's probation – is free to impose any sentence it may have originally imposed before placing the defendant on probation in the first place. See e.g. Mearns v. State, 779 So. 2d 282, 283 (Fla.2d DCA 1998). Thus, there is simply no constitutional injury for this Court to address.

## Conclusion

The Court finds the instant Petition to be untimely. Additionally, because (1) Jones was initially sentenced as an habitual offender, and (2) federal courts cannot question a state court's application of its own sentencing guidelines, the Court denies the instant Petition as to Jones' due process, double jeopardy, and equal protection claims.

It is therefore ORDERED AND ADJUDGED that:

1. Jones' Petition by a State Prisoner for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, James R. Crosby, Jr., terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on February 26, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record