UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**BERNARD L. JONES**,

    Petitioner,

-vs-                                            CASE NO: 8:05-cv-830-T-30MSS

**WALTER A. McNEIL,**

    Respondent.
_____/

# ORDER

This matter comes before the Court for consideration of Petitioner's Motion for Rehearing or Reconsideration or Notice of Appeal (Dkt. 20) of the February 26, 2008 Order denying his petition for relief under 28 U.S.C. §2254 (Dkt.18), which the Court construes as an Application for Certificate of Appealability filed pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253.[2]

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. § § 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue . . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R.App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from- - (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

**DISCUSSION**

**I.     Motion for Reconsideration under 52(b) and 59(e)**

Petitioner challenges the substance of the Court's February 26, 2008 Order denying him habeas relief. Petitioner filed[3] the instant motion ten business days after the entry of judgment on his § 2254 habeas petition. Therefore, the motion is timely.[4] Petitioner urges the Court to reconsider his § 2254 Petition for two reasons: (1) the Court erroneously concluded that his § 2254 Petition was untimely filed; and (2) he was unlawfully sentenced as a habitual offender in the underlying state proceedings.

A motion for reconsideration must set forth facts or law strongly convincing the court to reverse its prior decision. *See Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294 (M.D.Fla.1993). Courts have recognized three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981). Furthermore, a court will not alter its previous decision without a showing of

---

[3] Although the motion was not received by the Clerk's office for filing until March 17, 2008, Petitioner delivered the instant motion to prison officials for mailing on March 12, 2008 (Dkt. 20 at 1). This circuit considers § 2254 petitions and related documents "filed" when a *pro se* petitioner delivers the document to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the litigant relinquished it to prison officials); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion was considered "filed" the date it was delivered to prison officials for mailing).

[4] Fed.R.Civ.P. 6(a) states in pertinent part that the day of the event that begins the tolling of the Statute of Limitations, and intermediate Saturdays, Sundays and legal holidays should be excluded from computing time specified in the rules. Excluding weekends, Petitioner submitted the motion to the prison guards for mailing on March 12, 2008, the tenth day after the February 27, 2008 entry of judgment. Therefore, the motion is timely.

clear and obvious error that demands correction in the interest of justice. *See Villaflores v. Royal Venture Cruise Lines*, 1997 WL 728098 at *2 (M.D.Fla. 1997). Petitioner has not shown a change in controlling law, new evidence, or that the Court made a clear error resulting in manifest injustice by denying his § 2254 Petition. Therefore, the Court finds that Petitioner's Motion for Reconsideration or Rehearing should be denied.

First, Petitioner has failed to demonstrate clear error in the Court's computation of time elapsed between Petitioner's final judgment in the underlying state case, and the filing of his § 2254 Petition. The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a one-year statute of limitations on all habeas petitions. 28 U.S.C. § 2244(d)(1)(A). But under AEDPA, the Court is required to toll the "time during which a properly filed application for State post-conviction" is pending, if the application involves the "pertinent judgment." As the Court stated in its February 26, 2008 Order denying habeas relief, the Court determines that the one year period is not tolled for the time period during which Petitioner's August 3, 2000 motion was pending because it did not address the revocation sentence at issue in the § 2254 Petition. Thus, the aggregate time elapsed is five hundred ninety-six (596) days, rendering Petitioner's § 2254 Petition untimely. Petitioner has failed to demonstrate clear error in the Court's computation of time elapsed. Therefore, the Court will not reconsider its decision on this ground.

Second, Petitioner renews the claim he made in his § 2254 Petition - that he was unlawfully sentenced as a habitual offender in the underlying court proceedings (Dkt. 20 at 4). Petitioner has failed to raise additional evidence justifying reconsideration of this claim.

In the February 26, 2008 Order, the Court found that Petitioner was factually wrong regarding his habitual offender status, and therefore not entitled to relief. Without additional evidence, or a showing of manifest injustice, Petitioner has not demonstrated any basis for the Court to reconsider its previous Order.

## II.   Certificate of Appealability

Petitioner also requests that the instant motion be treated as a Notice of Appeal (Dkt. 20 at 2) which this Court will continue as also requesting a Certificate of Appealability. Issuance of a certificate of appealability requires more than absence of frivolity or presence of good faith. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must show that reasonable jurists would find the district court's denial debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).

Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's denial of his Petition wrong, he has failed to satisfy the two-prong *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that the Motion for Rehearing or Reconsideration or Alternatively Notice of Appeal (Dkt. 20) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on March 26, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record