UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BERNARD L. JONES,

    Petitioner,

v.                                          CASE NO: 8:05-CV-830-T-30MSS

WALTER A. McNEIL,

    Respondent.
_____/

## **O R D E R**

This cause is before the Court for factual findings pursuant to the limited remand of the Eleventh Circuit Court of Appeals (Dkt. 26). Specifically, the Eleventh Circuit has remanded this matter to this Court "for a factual finding as to whether [Petitioner's] application for a certificate of appealability, which contains conflicting dates and was received by the district court on April 30, 2008, was mailed or deposited with prison officials for forwarding in accordance with the time requirements of Fed.R.App.P. 4(b) and (c)." (Id.).

On April 30, 2008, the Clerk of this Court received Petitioner's Application for Certificate of Appealability (hereinafter "COA") (Dkt. 23). Petitioner included with his COA a Certificate of Service in which he certified that he furnished his COA to this Court, and a copy to the Office of the Attorney General, "by placing [the COA] in the hands of prison officials to be forwarded, by United States Mail on this 25th day of April 2008." (Id.

at p. 5). The COA, however, also includes a stamp which indicates that it was "Provided to Walton CI on 4-27-08 for Mailing", and which includes Petitioner's initials "BJ." (Id. at p. 1). Likewise, a review of the Court's file revealed that the envelope attached to Petitioner's COA also includes a stamp which states "Provided to Walton CI on 4-27-08 for Mailing", and which includes Petitioner's initials "BJ."

Under the mailbox rule, a pleading is considered filed by an inmate on the date it was delivered to prison authorities for mailing, which (absent contrary evidence) the court assumes is the date he signed it. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Here, Petitioner dated his COA "April 25, 2008," and he certified that he placed it in the hands of prison officials for mailing on that date. Nevertheless, there is contrary evidence, the stamps on the COA and on the envelope, which indicates that the COA was provided to prison officials for mailing on April 27, 2008. *See, Scroggins v. McNeil*, 2008 U.S. Dist. LEXIS 42496, at *1 n. 2 (M.D. Fla. May 29, 2008)(finding prisoner's petition filed on the date stamped by prison officials as received for mailing). Therefore, it appears to the Court that the date which is stamped on Petitioner's COA and envelope (April 27, 2008), which also includes Petitioner's initials, is the date on which Petitioner provided his COA to prison officials for mailing.

ACCORDINGLY, the Court **ORDERS** that within **ELEVEN (11) DAYS** from the date of this order, Petitioner shall file an affidavit, sworn under the penalty of perjury, indicating whether or not he agrees with the Court's determination that he provided his

Application for Certificate of Appealability to prison officials for mailing on April 27, 2008. If Petitioner fails to timely file his affidavit, the Court will issue its order finding that Petitioner provided his Application for Certificate of Appealability to prison officials for mailing on April 27, 2008.

**DONE** and **ORDERED** in Tampa, Florida on September 2, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to: Petitioner pro se/Counsel of Record