**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

BERNARD L. JONES,

    Petitioner,

v.                                              CASE NO: 8:05-CV-830-T-30MSS

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

**ORDER**

This cause is before the Court on remand for factual findings relevant to whether Petitioner's application for a certificate of appealability (Dkt. 23), dated April 25, 2008, was mailed or deposited with prison officials for forwarding in accordance with the time requirements of Fed. R. App. P. 4(b) and (c).[1] *See Jones v. Secretary, Department of Corrections*, Case No. 08-11516-J (11th Cir. 2008).

Petitioner's federal habeas petition was denied on February 26, 2008 (Dkt. 18). Judgment was entered on February 27, 2008 (Dkt. 19). On March 12, 2008, Petitioner filed his "Motion for Rehearing/Reconsideration Under Fed.R.Civ.P. 52 and 59 or Alternatively

---

[1] This circuit considers notices of appeal, section 1983 complaints, Federal Tort Claims Act complaints, §2254 petitions for habeas relief, §2255 motions to vacate, and documents related thereto "filed" when a *pro se* prisoner delivers one of them to a prison official for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (a notice of appeal filed by an incarcerated *pro se* litigant was deemed filed at the time the inmate relinquished control of it to prison officials); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's §2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).

Notice of Appeal" (Dkt. 20) which the Court construed as a motion for reconsideration, notice of appeal, and an application for a certificate of appealability, and which the Court denied on March 26, 2008 (Dkt. 21).

On April 30, 2008, the Clerk of this Court received Petitioner's Application for Certificate of Appealability (hereinafter "COA") (Dkt. 23). Petitioner included with his COA a Certificate of Service in which he certified that he furnished his COA to this Court, and a copy to the Office of the Attorney General, "by placing [the COA] in the hands of prison officials to be forwarded, by United States Mail on this 25th day of April 2008." (Id. at p. 5). The COA, however, also includes a stamp which indicates that it was "Provided to Walton CI on 4-27-08 for Mailing", and which includes Petitioner's initials "BJ." (Id. at p. 1). Likewise, a review of the Court's file revealed that the envelope attached to Petitioner's COA also includes a stamp which states "Provided to Walton CI on 4-27-08 for Mailing", and which includes Petitioner's initials "BJ." The Court denied Petitioner's application for a COA on May 1, 2008 (Dkt. 25).

On July 21, 2008, the Eleventh Circuit remanded this matter "for a factual finding as to whether [Petitioner's] application for a certificate of appealability, which contains conflicting dates and was received by the district court on April 30, 2008, was mailed or deposited with prison officials for forwarding in accordance with the time requirements of Fed.R.App.P. 4(b) and (c)." (Dkt. 26).

On September 2, 2008, the Court directed Petitioner to file an affidavit, sworn under the penalty of perjury, indicating whether or not he agrees with the Court's determination that

he provided his COA to prison officials for mailing on April 27, 2008 (Dkt. 27). In a sworn statement, Petitioner avers that on April 25, 2008, he approached housing officers at Walton Correctional Institution ("WCI") and requested that they accept his COA for mailing (Dkt. 28). Petitioner was told, however, that WCI "does not accept outgoing legal mail on Fridays because it doesn't get processed until the weekend is over." (Id.). He was also told that he could "send it out on Sunday night." (Id.). On Sunday, April 27, 2008, Petitioner delivered his COA to prison officials for mailing (Id.). Petitioner also avers that other inmates and staff have told him that it is WCI's policy not to accept legal mail on Fridays (Id.).

Petitioner's statements are consistent with the procedures for handling inmate mail at WCI set forth in the September 19, 2008 affidavit of Anita Hathaway,[2] mail room supervisor at WCI (Dkt. 31).

ACCORDINGLY, the Court finds that:

1. Petitioner attempted to deliver his application for certificate of appealability to prison officials for mailing on April 25, 2008. However, prison officials informed Petitioner that they would not accept his application for certificate of appealability until April 27, 2008. On April 27, 2008, Petitioner delivered his application for certificate of appealability to prison officials for mailing, and prison officials accepted it at that time.

2. Pursuant to the "mail box rule," the Court deems Petitioner's application for certificate of appealability (Dkt. 23), dated April 25, 2008, as filed on April 25, 2008.

---

[2]Ms. Hathaway filed an affidavit in which she stated that because WCI does not send mail out on Saturdays and Sundays, inmates who have outgoing legal mail on Friday are asked to hold their mail until Sunday for mailing on Monday (Dkt. 31).

3

3. The Clerk of the Court shall return the record to the Eleventh Circuit Court of Appeals with its copy of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 10, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies to:
Petitioner pro se
Eleventh Circuit Court of Appeals